### George R. Jacobs *v.* Pierre Sauvé.

Where a suit was brought upon a note given in part payment of the price of a plantation, and the defence set up was that defendant had been disquieted in his possession of the plantation by a petitory action instituted against him,—*Held* (under Article 2536 C. C.) : That the District Court had the power to render an interlocutory judgment ordering the defendant to deposit in court the amount of the note sued upon, to await the decision of the petitory action.

Although the value of the portion claimed in the petitory action does not equal the amount of the note, yet the whole sum must be deposited to await the termination of the action, which may result in the cancellation of the sale.

APPEAL from the District Court of the Parish of Jefferson, *Burthe,* J. *McPheeters* and *C. Roselius,* for plaintiff. *L. L. Levy* and *Bradford & Finney,* for defendant and appellant.

BUCHANAN, J. Plaintiff sues defendant upon a note given in part payment of a plantation.

The defence is, that defendant has been disquieted in his possession of the plantation by a petitory action instituted against him by *George May,* for a portion of the same.

A rule was taken upon defendant by plaintiff (under Art. 2536 C. C.) to deposit the amount of the note, subject to the order of the court.

This rule was made absolute, and further proceedings in the suit ordered to be suspended until the decision of *May's* action.

Defendant appeals ; and plaintiff has filed an answer to the appeal, praying that the judgment be amended in his favor, and for judgment according to the petition.

The defendant has not been aggrieved by the interlocutory judgment of the court below ordering him to deposit the amount of the note sued upon, to await the decision of the petitory action instituted by *George May.* It is the course prescribed in cases of this kind by Articles 2535 and 2536 of the Civil Code.

But the appellee contends that, as the petition of *May,* given in evidence by defendant, shows that he only claims fifty-seven and fifty-hundredth acres, worth, as declared by himself, one hundred dollars an acre, and five hundred dollars or thereabouts, for its detention ; and as the note in suit is for twenty-nine thousand dollars and upwards, it is unreasonable to require that the whole amount of this note shall remain on deposit; that the law will be satisfied by leaving in deposit six thousand two hundred and fifty-one dollars, and giving the remainder to plaintiff without delay. He quotes in support of this view Art. 2490 of the Civil Code, and the case of *Peirce* v. *Morgan,* 6 N. S. 523.

Those authorities do not seem to be applicable to the case before us. Article 2490 declares that, in case of eviction of a portion of the thing sold, *if the sale be not canceled,* the value of the evicted part is to be reimbursed, according to its estimate, proportionably to the total price of sale.

But in the present case, the petitory action of *May* not having been decided, we cannot know whether or not the result of that action may not, possibly, be the cancellation of the sale for the price of which the note now in suit was given. Neither is there any proof before us of the estimated value of the land claimed by *May,* proportionably to the whole value of the land and slaves sold by *Jacobs* to *Sauvé.*

The case in 6 N. S., *Peirce* v. *Morgan*, was a sale of three lots of ground in New Orleans. The purchaser was disturbed in the possession of one only of the lots, and the court decided that he had not the right to suspend the payment of the other two lots. The sale here was of three distinct objects, each having its distinct price, although all comprised in the same conveyance; which is a different state of facts from that now before us.

It is obvious that the amendment of the judgment of the court below, asked for by the appellee, cannot be granted.

Judgment affirmed; costs of appeal to be paid by appellant.

LAND, J., absent.